HIPÓLITO GONZÁLEZ, Petitioner and Appellee, *v.* MUNICIPALITY OF ARROYO, Respondent and Appellant.

No. 5372. Argued December 23, 1930.—Decided January 16, 1931.

*Bolívar Pagán* for appellant. *F. Beiró Rovira* and *C. Domínguez Rubio* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The question is whether a municipal assembly after removal of a mayor through impeachment proceedings can suspend him from office and stop his pay pending a decision on appeal to this court.

Section 29 of the Municipal Law as amended in 1925 (Session Laws, pp. 684, 702, 704) permitted an appeal from the decision of the municipal assembly to the Governor and from the Governor's decision to this court. In case the Governor did not act within a specified time the municipal assembly was authorized to take further action by vote of two-thirds of all its members and the mayor was permitted to appeal directly to this court from an adverse decision so reached. It then provided that:

"An appeal having been taken by a mayor against a decision of the Governor or of the municipal assembly, as the case may be, removing him from office, the execution of such decision shall be suspended; *but the mayor shall be suspended from office and his salary shall be stopped until final decision is rendered on the said appeal.*" (Italics ours.)

Section 29 of "An Act establishing a system of local government for the municipalities of Puerto Rico" (Laws of 1928, pp. 334, 356, 358) eliminates the intermediate appeal

from an interlocutory decision by the municipal assembly, authorizes more definite action by that body in the first instance and permits a single appeal directly to this court. It also omits the provision above quoted in italics as to suspension from office without pay and in lieu thereof provides that:

". . . . the decision of the Municipal Assembly shall not be effective until final judgment shall have been rendered in the case. . ."

The paragraph which follows this provision as to the effect of an appeal was re-enacted without change in 1928. It reads as follows:

"In case of vacancy, absence, suspension, leave of absence, disqualification, etc., of the Mayor, he shall be substituted by one of the municipal administrative officers, excepting the Auditor or the Secretary; and the Municipal Assembly shall first establish for the purpose, at one of its meetings, the order for making such substitution."

Whatever significance the word "suspension" may have, the paragraph just quoted can not now be invoked as authority for the suspension of a mayor from office pending an appeal by him from an adverse decision of the municipal assembly in an impeachment proceeding.

The judgment appealed from must be affirmed.